Maginnis, C. J.
In 1884 the legislature of Wyoming created the county of Fremont out of the then existing county of Sweetwater. At that time Sweetwater county was divided into school districts, one of which — school district No. 5 — became a part of Fremont county. The county school superintendent of Fremont epunty undertook, by virtue of section 8914, Rev. St. Wyo., to divide Fremont county into school districts, and in doing *209 so designated said district 5, with substantially the same boundaries as school district No. 1. He gave the notice required by section 3918, of a meeting of the electors to organize the new district; which meeting was held, and trustees elected, in June, 1884. On the first Monday in May, 1885, the electors held their annual meeting as required by law, and voted $3,000 for the purpose of erecting a schoolhouse. This action was entirely regular, and is conceded to beso. Against the tax levy made to raise this money, plaintiff in error sought an injunction in the court below; which, being refused, he now seeks from this court. The entire contention of plaintiff may be summed up in a few words. His position is, that school district No. 5 was not dissolved by the action of Fremont county, and that the county school superintendent had no authority to create a new school district upon the geographical territory occupied by No. 5. Both of these propositions may well be admitted. Section 3978, Rev. St. Wyo., provides that when any new county is formed the trustees of any school district previously elected shall hold their offices until their successors are elected. We think this section contemplates that such school corporations shall not be dissolved by the creation of new counties. This being the case, it is quite clear that two corporations of this kind cannot occupy the same geographical territory. No power is given the superintendent to dissolve these corporations. His action, therefore, was based upon a misconception of his powers, and was void. But, admitting all this, the fact remains that the electors of school district No. 5 met at the time prescribed by law, and voted a sum of money for a purpose expressly authorized by law. It matters not whether such electors mistakenly thought themselves to be electors of school district No. 1. School district No. 5 was legally in existence, and the persons who composed that corporation were the persons who met and acted. We cannot see that because they called themselves school district No, 1, instead of 5, such mistake on their part invalidates the action of the electors of school district No. 5.